UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL BRANDENBURG, JULIE BRANDENBURG, and MATTHEW BRANDENBURG,<br><br>Defendants. | Civ. No. <u>3:26-cv-3012</u><br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS ACT** |

Plaintiff, the United States of America, by its undersigned counsel, brings this civil action against Defendants Paul Brandenburg, Julie Brandenburg, and Matthew Brandenburg, and alleges:

## NATURE OF ACTION

1.      This is a civil action by the United States of America to recover treble damages and civil penalties under the False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733.

2.      These claims are based upon the Defendants' submission of false claims, false records, and false statements in order to obtain millions of dollars in payments from a federal grant awarded to the Rosebud Sioux Tribe ("RST") by the National Telecommunications and Information Administration ("NTIA").

3.      As detailed below, Defendants Paul Brandenburg, Julie Brandenburg, and Matthew Brandenburg engaged in a conspiracy to defraud the United States by submitting falsified invoices for fictitious goods and inflating costs of goods to unjustly enrich themselves.

1

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a).

6.    This Court has personal jurisdiction over the Defendants pursuant to 31 U.S.C. § 3732(a) because the Defendants transact business in this District and acts proscribed by 31 U.S.C. § 3729 occurred in this District.

7.    Venue is proper in this District under 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because the Defendants can be found in, reside in, or transact business within this District, and/or the acts proscribed by the False Claims Act occurred within this District.

## THE PARTIES

8.    Plaintiff is the United States of America, acting on behalf of the NTIA, an agency of the United States Department of Commerce.

9.    Defendant Paul Brandenburg was, at all times relevant to this complaint, the President and founder of TLW Networks, Inc. ("TLW"), a Colorado corporation.  At all times relevant to this complaint, Paul Brandenburg also served as President and CEO of Talon Solutions & Services, Inc. ("Talon").

10.    Defendant Julie Brandenburg is the spouse of Paul Brandenburg and, at all times relevant to this complaint, acted as an agent of TLW and Treasurer of Talon, assisting in the financial management and invoice preparation described herein.

11.    Defendant Matthew Brandenburg is the son of Paul and Julie Brandenburg.  At all times relevant to this complaint, Matthew Brandenburg was the Organizer and Principal of "Wallyhoo," an Arizona company used to facilitate the fraud described herein.

## THE FALSE CLAIMS ACT

12.     The FCA prohibits knowingly presenting, or causing to be presented, to the federal government a false or fraudulent claim for payment or approval.  31 U.S.C. § 3729(a)(1)(A).  The FCA further prohibits knowingly making, using, or causing to be made or used, a false record or statement material to a false or fraudulent claim.  31 U.S.C. § 3729(a)(1)(B).

13.     Under the FCA, the term "knowingly" means that, with respect to information, a person (i) has actual knowledge of the information, (ii) acts in deliberate ignorance to the truth or falsity of the information, or (iii) acts in reckless disregard of the truth or falsity of the information.  31 U.S.C. § 3729(b)(1)(A).  The FCA does not require that the defendant have the specific intent to defraud the federal government.  31 U.S.C. § 3729(b)(1)(B).

14.     For each violation of the FCA, a defendant is liable to the United States for civil penalties of not less than $5,000 and not more than $10,000, per false claim, as adjusted for inflation, *see* 28 C.F.R. 85.5, and three times the amount of damages that the Government sustained as a result of the defendant's actions.  31 U.S.C. § 3729(a)(1).

## FACTUAL ALLEGATIONS

**A.     The Federal Grant**

15.     The NTIA administers the Tribal Broadband Connectivity Program ("TBCP").

16.     The TBCP supports Tribal governments through grants to bring high-speed internet to Tribal lands, making telehealth, distance learning, and other digital inclusion initiatives possible.

17.     On August 23, 2022, the NTIA awarded the RST a TBCP grant totaling $48,352,973.57 (Grant #NT22TBC0290067) (hereinafter "the Grant").

18.     The purpose of the Grant was to install fiber and internet network to benefit 3,022 Tribal households, 16 Tribal businesses, and 78 Tribal anchor institutions located on the Rosebud Indian Reservation and off-reservation Tribal trust land.

19.     In January 2023, RST awarded TLW a contract valued at $18,870,547.30 to perform work related to this broadband expansion. TLW's Scope of Work included:

| Expense Type | Amount |
|---|---|
| Project Inspection Fees | $10,189.90 |
| Site Work | $580,823.04 |
| Construction | $17,270,802.02 |
| Equipment | $750,749.44 |
| Miscellaneous | $257,983.00 |
| **TOTAL** | **$18,870,547.30** |

13.     The funds paid to TLW under this contract were predicated on the Grant and were drawn from federal funds.

14.     On January 31, 2023, TLW entered into a service agreement with Talon to provide construction, equipment, and labor services in support of the RST contract totaling $15,631,237.50.

**B.      Defendants' Scheme to Defraud the NTIA Grant Program.**

**Scheme 1: The Fictitious Shelter and Generator Scheme**

17.     In a recorded interview, Matthew Brandenburg stated that in April or May of 2023, Paul Brandenburg had reached out to Matthew requesting help to purchase shelters and generators for the RST contract.

18.     On or about August 8, 2023, Matthew Brandenburg received an email from Paul Brandenburg wherein Paul Brandenburg provided a breakdown for pricing regarding the purchase of shelters and generators by Wallyhoo and invoiced to TLW stating, "The items shown in red are the unit price and total price for the shelters and generators. It would probably be a good idea to send me a separate invoice for each."

19.     On or about August 16, 2023, Matthew Brandenburg received an email from Paul Brandenburg wherein Paul Brandenburg provided updated instructions and pricing regarding the purchase of generators by Wallyhoo and invoiced to TLW stating, "Please send me a new invoice for the generators. 19 @ $28,863.75 = $548,411.25."

20.     Paul Brandenburg submitted Invoice #1004 to TLW's Finance Manager, which included line items for the purchase of generators totaling $712,934.72 and shelters totaling $1,415,370.96.

21.     On or about September 15, 2023, TLW's Chase bank account ending in 8002 received a deposited Check #10226 from RST totaling $2,362,880.73 for payment of expenses invoiced from TLW's Invoice #1004, which included costs for the generators and shelters.

22.     On or about September 22, 2023, the TLW Finance Manager received an email from Paul Brandenburg. The subject of the email read, "Invoices to be Paid." Within the body of the email, Paul Brandenburg stated, "Hi [TLW Finance Manager], here are the invoices to be paid that were billed out to TLW Invoice 1004. Thanks. Paul."

23.     On or about September 25, 2023, Paul Brandenburg sent an email to the TLW Finance Manager, Reference #OEQT-100-90, setting forth Wallyhoo's incurred costs for generator purchases made in support of the RST broadband project funded by NTIA.

24.     Between September 27, 2023, and September 29, 2023, five transfers were made from TLW's Chase bank account ending in 8002 to Wallyhoo's Chase bank account ending in 0755 totaling $1,637,158.17. The transfers referenced payment for Invoice #000188 and Invoice #000189.

25.     Wallyhoo's Invoice #000188, dated August 8, 2023, billed TLW for 19 generators totaling $548,411.25.

26.     Wallyhoo's Invoice #000189, dated August 9, 2023, billed TLW for 18 shelters totaling $1,088,746.92.

27.     Wallyhoo's Chase bank account ending in 0755 had a balance of $112.86 prior to the transfers summarized in Paragraph 24 being completed.

28.     Paul Brandenburg and Matthew Brandenburg solicited quotes for the purchase of multiple shelters; however, neither individual ever entered into a purchase order or agreement. No generators were purchased either.

29.     Only $100,000.00 was paid to a vendor with no associated purchase orders issued.

30.     In a recorded, in-person meeting, Paul Brandenburg admitted there were "improprieties" regarding the shelters and generators.

**Scheme 2: The Vehicle Scheme**

31.     Beginning in or about May 2023, Defendants Paul and Julie Brandenburg engaged in a scheme to knowingly submit false claims to RST to generate funds for a personal vehicle purchase.

32.     On June 5, 2023, Paul Brandenburg, on behalf of Talon, purchased a 2023 Ford F-150 ("Vehicle 1"), for $64,725.00, suggested retail price $54,725.00.

33.    Also on June 5, 2023, Paul Brandenburg, on behalf of Talon, purchased a Ford F-350 ("Vehicle 2") for $77,245.00, suggested retail price $67,245.00.

34.    On August 23, 2023, Paul Brandenburg, on behalf of TLW, purchased a 2024 Ford Edge ("Vehicle 3") for $63,430.00, suggested retail price $53,430.00.

35.    On October 24, 2023, Paul Brandenburg on behalf of TLW purchased a 2023 Ford F-150 ("Vehicle 4") for $63,030.00, suggested retail price $53,030.00.

36.    Julie Brandenburg directed the TLW Finance Manager to submit Invoice #1002 to RST, which included line items for the purchase of Vehicles 1 and 2.

37.    On or about May 25, 2023, TLW's Chase bank account ending in 8002 received a deposited Check #10150 from RST for payment of Vehicles 1 and 2 from TLW Invoice #1002.

38.    Paul Brandenburg directed the TLW Finance Manager to pay Invoice #1003, which included line items for the purchase of Vehicles 3 and 4.

39.    On or about August 11, 2023, TLW's Chase bank account ending in 8002 received a deposited Check #10191 from RST for payment of Vehicles 3 and 4 from TLW Invoice #1003.

40.    The aggregate overpayment of $40,000.00 in NTIA project funds on Vehicles 1 - 4 was credited by the dealership towards the purchase of a future vehicle.

41.    The dealership noted the credits as, "HOLD FOR FUTURE PURC", HOLD FOR CUSTOMER FUTU", "CHECK FOR FUTURE DEAL", and "SAVE FOR FUTURE PURCHA" on the dealer recaps for Vehicles 1 - 4.

42.    On or about October 11, 2023, Paul Brandenburg purchased a 2023 Ford Explorer ("Vehicle 5"). The price of the vehicle was $47,125.00. The $40,000.00 credit from the previous transactions was applied, making the balance due on the vehicle $7,125.00.

7

43.     Paul Brandenburg stated that five vehicles had been purchased, while only four were paid for with NTIA project funds, and that he personally paid the remaining balance on the fifth vehicle after applying the dealership credit.

44.     In a recorded meeting, Paul Brandenburg acknowledged that the vehicle transactions generated a $40,000.00 credit with the dealership and admitted that he applied that credit toward the purchase of a personal vehicle.

45.     Paul Brandenburg further stated that he obtained the credit through what he described as a "family discount," explaining that the owner of the dealership was his next-door neighbor and that he had "always gotten the family discount," which he applied toward his own vehicle.

46.     Julie Brandenburg communicated to the TLW Finance Manager that four vehicles were purchased for the project, and a fifth vehicle was acquired by the Brandenburgs "on the fleet deal for a better rate."

47.     Paul and Julie Brandenburg still have personal possession of Vehicle 3.

## CAUSES OF ACTION

### COUNT 1

**Violations of the FCA (31 U.S.C. § 3729(a)(1)(A)-(B))
for the Shelter and Generator Scheme**

48.     Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs.

49.     By virtue of the acts described above, Defendants Paul Brandenburg and Matthew Brandenburg knowingly presented, or caused to be presented, to the RST, a federal grantee, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A).

Specifically, Paul and Matthew Brandenburg created false invoices for generator and shelter costs and caused those invoices to be charged to the RST project grant.

50. Paul and Matthew Brandeburg knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B). Specifically, Paul and Matthew Brandenburg knowingly made, used, or caused false records to be made or used in the form of Invoice #1004 to be submitted in connection with TLW's claim for payment from RST.

51. The United States, in reliance upon the above-referenced false claims and supporting materials, paid TLW's Invoice #1004 for the purchase of nonexistent generators totaling $712,934.72 and nonexistent shelters totaling $1,415,370.96 for a total payment of $2,128,305.68.

## COUNT II

### Violations of the FCA (31 U.S.C. § 3729(a)(1)(A)-(B))
### for the Vehicle Scheme

52. Plaintiff realleges and incorporates herein by reference each of the preceding paragraphs.

53. By virtue of the acts described above, Defendants Paul Brandenburg and Julie Brandenburg knowingly presented, or caused to be presented, to the RST, a federal grantee, false or fraudulent claims for payment or approval in violation of 31 U.S.C. § 3729(a)(1)(A). Specifically, Paul and Julie Brandenburg created fraudulent invoices for inflated costs of vehicles and caused those invoices to be charged to the RST project grant.

54. Paul and Julie Brandeburg knowingly made, used, or caused to be made or used, a false record or statement material to a false or fraudulent claim in violation of 31 U.S.C. § 3729(a)(1)(B). Specifically, Paul and Julie Brandenburg knowingly made, used, or caused false

records to be made or used in the form of Invoice #1002 and Invoice #1003 to be submitted in connection with TLW's claim for payment from RST.

55.     The United States, in reliance upon the above-referenced false claims and supporting materials, paid TLW's Invoice #1002 and Invoice #1003 for the purchase of inflated vehicles resulting in a $40,000.00 "dealership credit" funded by federal grant dollars for the Brandenburg's personal vehicle.

## COUNT III

### Violations of the FCA: (31 U.S.C. § 3729(a)(1)(C))
### for the Generator and Shelter Scheme and Vehicle Scheme

56.     The United States realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

57.     Defendants conspired to defraud the United States by submitting the false or fraudulent claims described above for the purchase of nonexistent generators, nonexistent shelters, and inflated vehicle costs, ultimately receiving payments based on those false claims.

58.     Specifically, Defendants conspired to defraud the NTIA through RST's federal grant.

59.     As a result of the conspiracy described above, the United States has sustained damages in an amount to be determined at trial.

## COUNT IV

### Unjust Enrichment
### Against All Defendants

60.     The United States realleges and incorporates by reference each of the preceding paragraphs.

61.     Defendant has been unjustly enriched by his actions described in this Complaint to

the detriment of the United States, and Paul, Julie, and Matthew Brandenburg should not be allowed to retain the benefit of that unjust enrichment.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, United States of America, demands judgment against Defendants as follows:

62.    The United States, in reliance upon the above-referenced false claims, paid Defendants $2,128,305.68 for the Shelter and Generator Scheme and $40,000.00 for the Vehicle Scheme.

63.    By virtue of the false or fraudulent claims, the United States suffered damages in an amount to be determined at trial.

A.    On **Count I**, under the False Claims Act, judgment against Defendants Paul Brandenburg and Matthew Brandenburg, jointly and severally, for treble the damages sustained by Plaintiff, plus civil penalties as allowed by law.

B.    On **Count II**, under the False Claims Act, judgment against Defendants Paul Brandenburg and Julie Brandenburg, jointly and severally, for treble the damages sustained by Plaintiff, plus civil penalties as allowed by law.

C.    On **Count III**, under the False Claims Act, judgment against Defendants Paul Brandenburg, Julie Brandenburg, and Matthew Brandenburg, jointly and severally, for treble the damages sustained by Plaintiff, plus civil penalties as allowed by law.

D.    As to **Count IV**, the amount by which Defendants were unjustly enriched, plus interest thereon at the legal rate, plus such punitive damages as allowed by law against Defendants.

E.     For such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues of triable fact in the foregoing complaint.

Dated this 24th day of March 2026.

Respectfully submitted,

RONALD A. PARSONS, JR
UNITED STATES ATTORNEY

Anne C. Weyer
Assistant United States Attorney
P.O. Box 2635
325 South First Street, Suite 300
Sioux Falls, SD 57104
605-330-4400
Anne.Weyer@usdoj.gov

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Anne C. Weyer
P.O. Box 2638, Sioux Falls, SD 57101-2638
(605) 330-4400

## DEFENDANTS

Paul Brandenberg, Julie Brandenberg, Matthew Brandenburg

County of Residence of First Listed Defendant    **Maricopa County**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

[X] 1  U.S. Government Plaintiff

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question *(U.S. Government Not a Party)*

[ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [X] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 840 Trademark | [ ] 460 Deportation |
| | | **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | **LABOR** | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | | | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | [ ] 362 Personal Injury - Medical Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 790 Other Labor Litigation | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | **IMMIGRATION** | | |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

[X] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from Another District *(specify)*
[ ] 6 Multidistrict Litigation - Transfer
[ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
31 U.S.C. 3729-3733

Brief description of cause:
Defendants' submitted false claims, false records, and false statements in order to obtain millions of dollars in payments from a federal grant.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ $6,600,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:    [X] Yes    [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____    DOCKET NUMBER _____

DATE
3/24/2026

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____